**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VARVARA ISPIRYAN, | No. 13-74005 |
| Petitioner, | Agency No. A089-661-608 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:    LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Varvara Ispiryan, a native and citizen of Armenia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we review de novo due process contentions, *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's conclusion that Ispiryan's past instances of mistreatment, even in the aggregate, did not rise to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003) (evidence of employment and educational discrimination, beating of fellow Christians, and death threats did not compel a finding of past persecution). In addition, substantial evidence supports the agency's determination that Ispiryan failed to establish a threat of harm to Jehovah's Witnesses so systematic or pervasive as to amount to a pattern or practice of persecution in Armenia. *See Wakkary v. Holder*, 558 F.3d 1049, 1061-62 (9th Cir. 2009) (record did not compel the conclusion that petitioner established a pattern or practice of persecution against Chinese Christians in Indonesia). Substantial evidence also supports the agency's determination that Ispiryan did not demonstrate a sufficiently particularized threat of persecution under a disfavored group analysis. *See Halim*

*v. Holder*, 590 F.3d 971, 978-80 (9th Cir. 2009). Thus, we deny the petition as to Ispiryan's asylum claim.

Because Ispiryan failed to establish eligibility for asylum, her withholding of removal claim necessarily fails. *See Zehatye*, 453 F.3d at 1190 (petitioner's burden of proof for withholding of removal is more demanding than asylum).

Ispiryan did not challenge the IJ's denial of CAT relief in her brief to the BIA. We therefore reject Ispiryan's contention that the BIA erred in failing to evaluate her CAT claim. Similarly, we lack jurisdiction to consider Ispiryan's contention concerning the merits of her CAT claim because she did not exhaust it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Finally, we reject Ispiryan's contention that the agency violated her due process rights by ignoring certain facts, *see Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006), or by not addressing her CAT claim, *see Larita-Martinez v. INS*, 220 F.3d 1092, 1096 (9th Cir. 2000) (no due process violation where no error).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**